3071.—STATE OF LOUISIANA *v.* VICENTE LEMODELIO.

Evidence to show that a translator, selected to interpret the testimony of witnesses who testify in a language not understood by the counsel, the court or the jury, is incompetent, can not be admitted after verdict, on a motion for a new trial. The objection is too late, if not made during the trial.

APPEAL from the First District Court of New Orleans. *Abell,* J. *Simeon Belden,* Attorney General, for the State. *Sambola & Ducros,* for defendant and appellant.

TALIAFERRO, J. The defendant was convicted of the crime of manslaughter, and sentenced to imprisonment at hard labor in the penitentiary for the term of five years. He has appealed. After the verdict of the jury was rendered, the defendant moved for a new trial on various grounds, the chief of which is the refusal of the Judge on the trial of the motion to receive evidence alleged by defendant to have been discovered after the trial had taken place, and which was offered to show the incompetency of the translator employed by the court to translate correctly the evidence of three witnesses, who testified on the trial of the case in a language not understood by the court, the counsel or the jury.

The case comes before us on a bill of exceptions to the ruling of the court rejecting the evidence offered to show this alleged incompetency of the translator. Embodied in the bill of exceptions are the reasons assigned by the judge for excluding the testimony. These are, "that the translator was called in this case at the instance of the defendant's counsel and accepted by the attorney general, and throughout the examination exhibited a full knowledge of the language of the witnesses, and, there being no objection raised either by the accused, who understood the language of the witnesses, or his counsel, to the competency of the translator, the court deemed it too late, upon a motion for a new trial, to inquire into his competency."

We think the court properly refused to admit the evidence. It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

Rehearing refused.